UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ALDERAY SIMMONDS,

                Petitioner,                     **MEMORANDUM AND ORDER**
                                                                                                        23-CV-8325 (RPK)

        v.

UPSTATE CORRECTIONAL FACILITY,

                Respondent.
----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    *Pro se* petitioner Alderay Simmonds filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2016 state felony conviction. *See* Pet. (Dkt. #1). Respondent moves to dismiss the petition under Federal Rule of Civil Procedure 12(b)(1). *See* Mem. in Supp. of Mot. to Dismiss 2, 4 (Dkt. #14-2). Because petitioner was not in custody pursuant to the 2016 conviction when the petition was filed, respondent's motion is granted, and the petition is dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

    In 2016, petitioner was convicted in New York of third-degree robbery and fifth-degree criminal possession of stolen property. *See* State Court Record 2–3 (Dkt. #14-3) ("SR"). Petitioner was sentenced to an indeterminate term of three to six years on the robbery conviction and a concurrent term of one year on the conviction for possession of stolen property. *See id.* at 11.

    The Appellate Division affirmed petitioner's convictions. *See People v. Simmonds*, 106 N.Y.S.3d 604 (N.Y. App. Div. 2019). The New York Court of Appeals denied leave to appeal. *See People v. Simmonds*, 148 N.E.3d 476 (N.Y. 2020).

    On January 2, 2019, petitioner was released onto supervised parole. *See* SR 12. New York State Department of Corrections and Community Services documents indicate that the maximum

1

expiration date for petitioner's 2016 sentence was June 15, 2021. *See* SR 13–15. On June 15, 2021, petitioner received his "final discharge" from the 2016 sentence. *See* SR 16.

In 2022, petitioner pleaded guilty to an unrelated second-degree robbery. *See* SR 31. He was sentenced as a predicate felon and received a sentence of eight years with five years of post-release supervision. *See* SR 30–31.

On November 6, 2023, petitioner filed the instant petition for a writ of habeas corpus under Section 2254, challenging his 2016 conviction based on "ineffective assistance, malicious prosecution, false arrest, violation of Due Process, abuse of process, procedural due process." Pet., Ex. A at 1 (Dkt. #1-2). Petitioner does not challenge his 2022 conviction or sentence. *See generally* Pet.; Pet., Ex. A.

Respondent moves to dismiss the petition for lack of subject-matter jurisdiction. *See* Mem. in Supp. of Mot. to Dismiss 4.

## STANDARD OF REVIEW

"In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (quoting 28 U.S.C. § 2254(a)). Section 2254's statutory language "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). "'[O]nce the sentence imposed for a conviction has completely expired'. . . the petitioner is no longer considered 'in custody' for that conviction and therefore cannot challenge its validity through habeas proceedings." *Dockery v. Lee*, No. 21-2234, 2022 WL 16543813, at *2 (2d Cir. Oct. 31, 2022) (quoting *Maleng*, 490 U.S. at 492).

2

When a plaintiff is proceeding *pro se*, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

The petition for a writ of habeas corpus is dismissed for lack of subject-matter jurisdiction.

This Court lacks jurisdiction because when petitioner sought habeas relief from his 2016 conviction, petitioner was not "in custody" pursuant to that conviction. Petitioner filed the instant petition in November 2023, more than two years after he received his final discharge from his 2016 sentence on June 15, 2021. *See* SR 16; Pet. Petitioner does not deny that he was no longer in custody under his 2016 conviction. *See* Pet.'s Opp'n 1 (Dkt. #17). The Court therefore does not have jurisdiction to adjudicate petitioner's habeas petition. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (holding the district court lacked jurisdiction over a habeas petition "[b]ecause . . . [the petitioner] filed his habeas petition . . . three days after his term of supervised release expired" and therefore, "at the time of the filing, he was not 'in custody.'").

The fact that petitioner is currently serving a term of imprisonment based on his 2022 state felony conviction does not render him "in custody" for purposes of challenging his 2016 conviction. *See Myers v. Smith*, 444 F.2d 75, 77 (2d Cir. 1971) (finding petitioner was not "in custody" while serving an unrelated sentence and "attack[ing] an earlier conviction for which he

3

has served out his full sentence and has been unconditionally released from custody"); *Pirtle v. Winn*, 66 F. Supp. 3d 307, 310 (E.D.N.Y. 2014) (finding petitioner was not "in custody" for purposes of challenging a previous, expired conviction while incarcerated for a separate, non-consecutive sentence). And while the "in custody" requirement "is satisfied when a *pro se* petition, liberally construed, 'can be read as asserting a challenge to [a current] sentence[ ], as enhanced by [an] allegedly invalid prior conviction,'" *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (quoting *Maleng*, 490 U.S. at 493–94), petitioner's habeas petition, even construed liberally, does not challenge his 2022 sentence on the basis that it was enhanced by his 2016 conviction. *See generally* Pet.; Pet., Ex. A.[*]

Finally, petitioner's argument that equitable tolling should apply because he was unable to timely file his habeas petition due to the COVID-19 pandemic is unavailing. *See* Pet.'s Opp'n 1–2, 4–5. Equitable tolling applies to Section 2244's one-year limitation period because it "is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). In contrast, because "the 'in custody' language of § 2254(a) is jurisdictional," *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008), the Court cannot equitably toll that jurisdictional mandate.

---

[*] Were the petition construed to challenge petitioner's 2022 sentence as having been unlawfully enhanced based on petitioner's 2016 conviction, the petition would fail on the merits. "[O]nce a state conviction is no longer open to direct or collateral attack . . . because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001). Thus, even if "that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id*. at 403–04. The Court may only consider such a challenge if: "(1) there was a failure to appoint counsel; (2) a state court unjustifiably refused to rule on a constitutional claim that had been properly presented; or (3) the petitioner presents compelling evidence of actual innocence." *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 516 (S.D.N.Y. 2009) (citing *Lackawanna*, 532 U.S. at 403–06). While the Supreme Court and the Second Circuit have recognized the first exception, neither court has expressly adopted the second and third. *See Dockery*, 2022 WL 16543813, at *3. In any event, none of these exceptions apply here. Petitioner does not contend that he was denied access to counsel, and there is no indication in the record that the state court refused to rule on a properly presented constitutional claim or that petitioner has compelling evidence of his actual innocence.

4

**CONCLUSION**

The motion to dismiss the petition for lack of subject-matter jurisdiction is granted. Because petitioner has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)), a certificate of appealability under 28 U.S.C. § 2253(c)(2) is denied.

SO ORDERED.

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: June 20, 2024
       Brooklyn, New York